UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| RALPH BAZE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3: 08-09-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| OFFICE OF THE ATTORNEY ) | **AND ORDER** |
| GENERAL, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of *pro se* Plaintiff Ralph Baze's Motion for Reconsideration. [Record No. 9] For the reasons discussed below, the Court will deny the motion.

**I.   BACKGROUND**

Baze is currently confined in the Kentucky State Prison located in Eddyville, Kentucky. In 1993, Baze was convicted of murdering Powell County Sheriff Steven Bennett and Powell County Deputy Sheriff Arthur Briscoe. In February 1994, Baze was sentenced to death as punishment for the crimes. The Kentucky Supreme Court subsequently affirmed Baze's conviction and sentence. *See Baze v. Commonwealth*, 965 S. W.2d 817 (Ky. 1997). The Kentucky Supreme Court also denied relief in three state post-conviction proceedings.

On February 19 , 2008, Baze filed a *pro se* civil rights complaint asserting claims under 42 U.S.C. § 1983 against twenty-eight defendants. Baze alleged that the defendants maliciously

prosecuted him and violated his due process and equal protection rights. Baze further alleged that the defendants violated his Fourth Amendment rights by engaging in an unreasonable search and seizure at the time of his arrest. Baze sought over $1,000,000.00 in damages.

On April 3, 2008, the Court dismissed Baze's Complaint for failure to state a claim upon which relief could be granted. [Record Nos. 7 and 8] In dismissing the Complaint, the Court concluded that Baze was essentially attempting to collaterally challenge his murder conviction and death sentence through the § 1983 action. The Court cited multiple reasons for the dismissal. First, the Court noted that it lacked jurisdiction under the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under this doctrine, a federal district court may not hear an appeal of a case already litigated in state court. Second, the Court dismissed this action under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars lawsuits for § 1983 damages unless and until the underlying conviction has been invalidated. *Id*. at 486-87. Finally, the Court determined that the claims against judicial defendants were barred pursuant to the doctrine of judicial immunity and that claims against the prosecutorial defendants were barred under the doctrine of prosecutorial immunity. Baze has now filed a motion to reconsider. [Record No. 9]

**II.    DISCUSSION**

Relying on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), Baze argues that the Court improperly applied the *Rooker-Feldman* doctrine.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a court may amend its judgment for three reasons:  (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice.  *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59(e) motion is not an opportunity to reargue a case.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Baze relies on *Exxon Mobil* and other cases in support of his contention that the Court must amend its prior memorandum opinion and order and judgment.  However, the cases cited by Baze are inapplicable to the facts presented here.  In determining whether the *Rooker-Feldman* doctrine bars a claim, a district court is required to focus on the source of the alleged injury.  *Pittman v. Cuyahoga County Dept. of Children & Family Servs.*, 241 Fed. Appx. 285, 287-288 (6th Cir. 2007).  If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine prevents a district court from asserting jurisdiction.

Baze's § 1983 claims relate to alleged errors that occurred during the state court murder proceedings.  In essence, Baze, through this § 1983 action, is merely attempting to re-litigate his entire murder trial and appeal.  Because Baze has failed to present a claim independent from his state court murder conviction, the Court, under the *Rooker-Feldman* doctrine, lacks subject matter jurisdiction to entertain these claims.

Additionally, this action is improper under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court noted that:

> the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction . . . has already been invalidated.

*Heck*, 512 U.S. at 485-87. Because Baze's murder convictions have not been invalidated by any court, the undersigned will not amend the judgment pursuant to Rule 59(e).

### III.  CONCLUSION

Being sufficiently advised, it is hereby

**ORDERED** that the Plaintiff's *pro se* Motion for Reconsideration [Record No. 9] is **DENIED**.

This 28th day of April, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge